**Lucille PATRICK et vir, Appellants,**

v.

**A. J. COOK et al., Appellees.**

**No. 15791.**

Court of Civil Appeals of Texas.

Fort Worth.

March 1, 1957.

Austin S. Dodd and Grady Niblo, Dallas, for appellant.

Martha L. Hoijer and Cecil Murphy, Gainesville, for appellee.

MASSEY, Chief Justice.

This is a trespass to try title suit. Lucille Patrick is the heir to an undivided one-half interest in and to certain real estate in the James Hamilton Survey in Cooke County, Texas, through her deceased grandmother, a Mrs. Mitchell, if in fact her grandmother owned said real estate and if living could prevail against the appellees on the appeal. The appellees have succeeded to the other undivided one-half interest in and to the property through a quitclaim deed from Mrs. Patrick's uncle.

Appellees, as successors to title to one parcel of said property, a four acre tract, claimed under a regular chain of title through a Mrs. Myrtle Norman, and claiming limitation title thereto in the alternative, brought suit in trespass to try title. In the same suit the appellees claimed limitation title through ten years' adverse possession of an adjoining five acre tract.

Trial was before the court without intervention of a jury, and judgment was entered for the appellees. Findings were made by the trial court to the effect that appellees were entitled to possession and title of the four acre tract through regular chain of title, and were entitled to title and possession of both tracts as result of ten years' adverse possession. Defendants, Mrs. Patrick and her husband, perfected an appeal to this court.

Judgment affirmed in part and reversed and remanded in part.

For clarity of the opinion, reference is made to a map in which the tracts in dispute have been labeled "Tract B" and "Tract C", and their relation shown to property adjoining, both to the north and south.

Approximately six months before the death of R. A. Ware in 1925, the said Ware, joined by Lula Ware his wife, conveyed certain properties to Mrs. Myrtle Norman by regular warranty deed. Without extending this opinion in an analysis of the deed we will state that we have examined the same and are satisfied that by its terms the tracts shown on the foregoing map as Tract A and Tract B were both conveyed to Mrs. Norman. There is little evidence that Mrs. Norman ever exercised dominion over either of these tracts after she received the deed, and Tract A went into the possession of Mrs. Mitchell, appellant Mrs. Patrick's ancestor, at some time subsequent to R. A. Ware's death, for she conveyed said tract as a part of a larger adjoining tract (the 88 acre tract shown on the map) by her warranty deed delivered to third parties. Mrs. Mitchell unquestionably received the 88 acre tract and Tract C under and by virtue of the will of R. A. Ware. The property was the community property of R. A. and Lula Ware, though devised by the will of R. A. Ware as his own, with the major part of the estate of both devised to Lula Ware, his wife. His wife elected to take under his will by instrument executed July 20, 1938 (some 13 years after R. A. Ware's death), and filed in the probate records of Cooke County. The instrument incorporated the statement as follows: "Whereas, said R. A. Ware in said Last Will and Testament proposed to and did devise and bequeath all of the property both separate and community, belonging to the said R. A. Ware and Lula Ware, leaving the remainder of said estate to said Lula Ware; and Whereas, said estate has been partitioned and divided and each of the devisees and legatees named in said Will have taken possession of and are now in the possession of the respective tracts of land therein devised and bequeathed to each of them; * * *."

■ Mrs. Ware was the predecessor in title as to such interest as the appellees claim under Tract C, and as such she should be treated as standing in privity with them.

By Mrs. Ware's admission in the foregoing instrument Mrs. Mitchell would be presumed to have held both title and possession of Tract C as of July 20, 1938, and any possession which Mrs. Ware might have exercised at any time prior thereto would not have amounted to "adverse possession", but would have been a possession with the consent, or in recognition of the superior right, of Mrs. Mitchell.

We are not concerned with the circumstances whereby Mrs. Mitchell ever happened to exercise dominion over Tract A, for said tract is no part of the controversy here presented. The appellees believe that it was a "three-way trade" in which Mrs. Norman yielded it up in exchange for the yielding up of Tract C to either herself or to Mrs. Lula Ware, but there is no evidence that such was the case. Neither is there any evidence purporting to establish that Mrs. Norman did or did not ever deed Tract A to Mrs. Mitchell prior to the time the latter proceeded to sell it. So the parties were left with a situation where the record legal title to Tract C remained in Mrs. Mitchell until her death, and thereafter in her heirs.

■ Because of the fact that in the deed to Mrs. Norman, R. A. Ware, as grantor, inserted after the description of the 32 acre tract these words, "It is hereby intended to convey my home place in Woodbine, Texas, and the land adjoining it on the west to the Newman land out of the Collingsworth survey," appellants contend that the property conveyed by the deed did not include either Tract A or Tract B. They premise the contention upon the fact that said tracts were across the road from the premises upon which R. A. Ware's house was located and lay north of an easterly extension of the north boundary line of the Newman property. The metes and bounds description in the deed, however, as well as the necessary inclusion of Tract A and Tract B in going to make up the "32 acres more or less" conveyed, either conclusively established that Mrs. Myrtle Norman received said tracts under the deed, or,

alternatively, certainly presented questions for the finder of fact entitling it to hold that she was granted the property by the language thereof. Furthermore, in the devise made to Mrs. Mitchell by R. A. Ware's will she was given 92½ acres out of the same survey, and stated to be to the north of the M. K. & T. Railroad, along with the further statement, "* * * and being all the land owned by me out of said Survey North of the M. K. & T. Railroad; * * *." With the properties of Tract A and Tract B, there would have been over 100 acres in the three tracts, A, B, C, and the 88 acres lying north thereof.

■ Appellees' claim to Tract C is based strictly upon limitation title by adverse possession for over ten years. They base a like claim to Tract B, in the alternative to their claim of regular record title. Since Mrs. Lula Ware confessed possession to Tract C in the instrument of July 20, 1938, we would only be concerned with her adverse possession, if any, subsequent to that date, and with the adverse possession of appellees and their predecessors in title leading back into Lula Ware, for it is only through Mrs. Ware and her heirs and successors in title that appellees purport to assert adverse possession to Tract C.

■ A review of the evidence pertaining to the period subsequent to July 20, 1938, though it shows occasions and period in which there was adverse possession of Tract C by appellees and their predecessors and privies (beginning over ten years prior to the date suit was filed), falls short of constituting sufficient evidence to support a judgment in their behalf. This is true in two respects. The evidence falls short of demonstrating that the possession of Tract

C was so open, visible, notorious, distinct, and hostile as to raise the presumption of notice that the rights of the true owner were being intentionally invaded. The evidence was furthermore insufficient to support a finding that such possession and use of the land had been continuous and uninterrupted. It is to be noted that the surface of Tract C was rather poor land. It was fit and adaptable for only a very limited use in its unimproved state. Its condition was not materially different from that which was the subject property in the case of Caver v. Liverman, Tex.Civ.App., Texarkana, 1944, 180 S.W.2d 448, affirmed at 143 Tex. 359, 185 S.W.2d 417. In that case the evidence appeared to support the conclusion that the maximum continuous use was made of the property under an adverse possession within the reasonable limitations of the property's adaptability. See 2 Tex.Dig., Adverse Possession, ■ In the present instance the evidence is insufficient to demonstrate that such was the case even when we consider only that evidence in the record most favorable to the theory of the appellees. For that reason we must hold that the trial court's judgment as to Tract C must be reversed and the cause, as it pertains to a controversy over title thereto, remanded for another trial.

Judgment for appellees is affirmed in respect to Tract B, described by metes and bounds in the judgment of the court below as "Second Tract". Judgment is reversed and remanded for another trial in respect to Tract C, described by metes and bounds in the judgment of the trial court as "First Tract".

The costs of appeal are taxed equally against the appellants and appellees, one-half to each.